**William Foy TURPIN, Appellant,**

v.

**Beryle C. SACKS, Warden, Ohio Penitentiary, Appellee.**

**No. 14400.**

United States Court of Appeals
Sixth Circuit.

June 2, 1961.

Stephen Cohen, (court-appointed), Cincinnati, Ohio (William F. Turpin, in pro. per. on the brief), for appellant.

Aubrey Wendt, Columbus, Ohio (Mark McElroy, Atty. Gen. of Ohio, John J. Connors, Jr., Asst. Atty. Gen., on the brief), for appellee.

Before MILLER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

ORDER.

This is an appeal from an order denying appellant's petition for writ of habeas corpus. We find no certificate of probable cause in the record; but, even if there were such certificate, no merit inheres in the points urged by appellant for reversal of his conviction and sentence.

Appellant was found guilty in a State Court of Stark County, Ohio, on three counts of an indictment, charging (1) that he induced a female under eighteen years of age to have sexual intercourse with a person other than himself; (a) that he induced the same female to enter a house of assignation for the purpose of prostitution; and (3) that he harbored her for the purposes of prostitution: All in violation of Ohio law. The Court of Common Pleas, in which appellant was tried and convicted, had undoubted jurisdiction; and the sentence pronounced upon him was within the limits authorized by Ohio law.

No appropriate jurisdictional question is presented for consideration on petition for habeas corpus. Appellant's correct procedure was to seek remedy on appeal. *Habeas corpus* is not the proper remedy to obtain release from custody, unless the sentencing court was without jurisdiction, or the sentence was, in legal effect, null and void. In re Burson, 152 Ohio St. 375, 89 N.E.2d 651; In re Levenson, 154 Ohio St. 278, 95 N.E.2d 760; Henry v. Alvis, 162 Ohio St. 62, 120 N.E.2d 588. It is well settled that *habeas corpus* may not be used properly as a substitute for appeal.

Appellant makes fruitless argument that, unless an Ohio indictment is couched in language of Form 246,

Schneider's Criminal Code, it is null and void. Obviously, it is not mandatory that the suggested form be used. Section 2941.05, Revised Code of Ohio, states: "In an indictment or information charging an offense, each count * shall contain, and it is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. * * *" By pleading "not guilty" and going to trial, appellant waived any uncertainty in his indictment. State of Ohio v. Schultz, 96 Ohio St. 114, 117 N.E. 30.

The order of the United States District Court denying the writ of habeas corpus is affirmed.