UNITED STATES of America, Plaintiff-Appellee,

v.

William John McCARTHY and James Rocco Miraglia, Defendants-Appellants.

Nos. 13371, 13372.

United States Court of Appeals Seventh Circuit.

Dec. 6, 1961.

Rehearing Denied Jan. 29, 1962.

Julius Lucius Echeles, Jack Marcus, Chicago, Ill., for appellants.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

Defendants William John McCarthy and James Rocco Miraglia were convicted in a bench trial on an indictment charging that they violated Title 18, Section 2113, U.S.Code, by robbing the Almira Savings and Loan Association of Chicago, an association insured by the Federal Savings and Loan Insurance Corporation. Each was sentenced for a term of two years. By their appeals defendants contend that the District Court erred in denying defendant McCarthy's motion to suppress government Exhibit 23, a finger and hand print card bearing his prints, which was used by a government witness to identify McCarthy through comparison with a palm print found on the window of the

automobile being used to transport the association's money at the time it was taken from the driver.

The main contested issue is whether the prints on Exhibit 23 were obtained from defendant McCarthy by implied coercion in violation of his rights under the Fourth and Fifth Amendments.

The record discloses that Dennis Shanahan, a F.B.I. agent, suspected Miraglia and McCarthy. Some months following the robbery he called on McCarthy at the latter's place of residence. The defendant refused to talk about the robbery. Shanahan did not arrest the defendant but he requested McCarthy to accompany him to the F.B.I. office. McCarthy knew that he was not under arrest, that Shanahan had no warrant for his arrest, and that he did not have to go with him. Shanahan testified that McCarthy said: "[N]o, he wouldn't come down there, because if I took pictures of him, I would just show them to the witnesses, and he wasn't going to help me put him in jail". Shanahan testified that he then told McCarthy "that it wasn't much of a problem to get pictures and fingerprints of him * * * that in all probability the Chicago Police Department was equally interested in him and they could pick him up, in which case, if they did, and fingerprinted and photographed him, I would have those made available to me through the normal course of business". McCarthy then accompanied Shanahan to the F.B.I. office where the prints were taken.

McCarthy, his wife, and her parents all testified concerning the conversation between Shanahan and McCarthy. Their testimony is in substantial agreement with that of Shanahan with the exception that the defendant and his witnesses state that Shanahan said that if McCarthy did not go with him he would have the police come and get him. Shanahan denied making such a statement.

■ On this disputed factual issue the matter of the credibility of the witnesses is for resolution by the District Court and so viewed the record furnishes substantial support for the findings and conclusions implicit in the denial of the motion to suppress. United States v. Ziemer, 7 Cir., 291 F.2d 100. The interrogation took place in the defendant's home in the presence of members of his family. The record amply discloses that defendant knew he was not under arrest and under no obligation to accompany Shanahan to the F.B.I. office. Defendant admits he was not mistreated while there and was driven back to his residence after the prints were taken.

■ On the basis of the record before us we conclude that the District Court did not err in denying the motion to suppress. That McCarthy chose to accompany Shanahan when he was informed that the F.B.I. would receive his prints if he were picked up by local police does not establish coercion or duress or violation of any right of the defendant under the Fourth or Fifth Amendments. Defendant's claimed apprehension that if he were picked up by the local police he would be held overnight or mistreated furnishes no basis, on the facts here involved, for raising an implied coercion or duress.

■ Moreover, on an appeal from a judgment of conviction the evidence must be viewed in the light most favorable to the government. United States v. Guido, 7 Cir., 251 F.2d 1. And, apart from the prints, there was independent identification of McCarthy as a participant in the robbery. The president of the association, Churan, who was transporting the money in a car driven by him, identified McCarthy as one of the men who committed the robbery.

■ Miraglia contends that since he was jointly tried with McCarthy the admission of McCarthy's prints in evidence adversely affected him. But Miraglia made no motion to suppress, and having raised no objection below he cannot now be heard thereon. Smyly v. United States, 5 Cir., 287 F.2d 760.

The judgment of the District Court as to McCarthy and Miraglia is affirmed.

Affirmed.