**UNITED STATES of America ex rel. Monroe ROBINSON, Petitioner-Appellant,**

v.

**Frank J. PATE, Warden, Illinois State Penitentiary, Joliet, Illinois, Respondent-Appellee.**

**No. 13788.**

United States Court of Appeals Seventh Circuit.

Jan. 23, 1963.

Monroe Robinson, petitioner-appellant, in pro. per.

William G. Clark, Atty. Gen., Chicago, Ill., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, KNOCH, and CASTLE, Circuit Judges.

KNOCH, Circuit Judge.

This appeal was submitted on the record and briefs without oral argument.

Petitioner's original application for writ of habeas corpus was presented to this Court and was transferred for hearing and determination to the United States District Court for the Northern District of Illinois.

Petitioner was tried by the Court sitting without a jury in the Criminal Court of Cook County, Illinois, convicted of the crime of armed robbery, and sentenced to the Illinois State Penitentiary for a term of three to nine years, where he is now in custody serving that sentence.

Respondent's motion to dismiss the petition for writ of habeas corpus in the District Court was granted without an oral hearing. This appeal followed.

■ The petitioner has analyzed the proceedings in the State Court, and the evidence presented at his bench trial there, in great detail. It is his position that the testimony of the complaining witness and the arresting officers, which presented some conflicts and inconsistencies, was obviously perjured, and that his representation by his Court-appointed counsel was so perfunctory as to render his trial a farce and a mockery.

We do not agree. Petitioner lists a number of purported errors of omission and commission in his counsel's conduct of the case. All of these relate to trial strategy or tactics, and involve elements of discretion and judgment on which skilled and experienced advocates might honestly disagree, particularly after the event.

■ Petitioner also makes an unwarranted assumption that the Trial Judge must have entertained doubts of petitioner's guilt because he "coerced" petitioner into taking a polygraph test after the trial. Petitioner states that it was agreed he and his co-defendant would take such a test, and that the results would be introduced into evidence without objection, but that the State then refused to administer such tests prior to trial. After trial, petitioner asserts that he refused to take such a test. When the Trial Judge had found him guilty and he was asked whether he had anything to say prior to sentence, petitioner then pointed to the testimony which he characterized as perjured. At this point, according to petitioner's statement, the Trial Court suggested that having been found guilty, the petitioner no longer had anything to lose by taking the polygraph test, and petitioner then agreed to take the test. Petitioner complains that the results of the test were communicated to the Trial Judge but not to petitioner himself, and that the Trial Judge, therefore, considered this evidence outside of the petitioner's presence. Petitioner, however, as indicated, had already been found guilty and the evidence of the polygraph could have had no effect on that finding.

■ The record in the State Court was carefully scrutinized by the Illinois Supreme Court as shown in the detailed opinion published as People v. Robinson, 21 Ill.2d 30, 171 N.E.2d 11 (1960, rehearing denied 1961). The District Court considered the record in dismissing the petition filed in that Court. We also have studied the record before us with great care, in the light of the statements of the petitioner. We find that questions solely of fact are presented. The conflicts and inconsistencies in testimony with respect to the details of what was seen and done by the arresting officers and the complaining witness, on which the petitioner relies, presented issues of credibility and determination of the weight of the evidence for the Trial Judge who saw and heard those witnesses. United States v. McCarthy, 7 Cir., 297 F.2d 183, 184, cert. den. 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9; United States v. Ziemer, 7 Cir., 1961, 291 F.2d 100, 102.

No facts justifying the issuance of a writ of habeas corpus were submitted and the District Court properly denied the petition.

We have considered all other arguments and contentions advanced by the petitioner and find them lacking in merit. The decision of the District Court is affirmed.

Affirmed.