JESÚS MARRERO LAFFOSSE, Petitioner and Appellant, *v.* MARSHAL, CRIMINAL SECTION, SUPERIOR COURT, SAN JUAN PART, and/or WARDEN OF THE DISTRICT JAIL OF SAN JUAN, Defendants and Appellees.

No. AP-62-63.        Decided December 16, 1963.

---

554

*César Andréu Ribas* and *Santos P. Amadeo* for appellant. *J. B. Fernández Badillo, Solicitor General, Irene Curbelo,* and *Jenaro Marchand, Assistant Solicitors General,* for appellees.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Guilty of murder in the first degree was the verdict rendered by the jury in the criminal prosecution filed against appellant Jesús Marrero Laffosse, for having caused the violent death of Armando Marrero Sánchez. On November 7, 1961 he was sentenced to life imprisonment. On the same date, at 9:22 a.m., he filed a petition for habeas corpus[1] in which, after relating at length the facts of the criminal prosecution which culminated in his conviction, he adduced that he was illegally detained because the trial in which he was prosecuted was not valid on the grounds that he did not have adequate legal assistance[2] and that the court unjustifiedly refused to suspend the trial.[3] The trial

---

[1] An examination of the original record reveals that the petition had been drafted since October 26, date on which the motion for a new trial filed by the defendant was argued. Then that date was stricken out and November 7 written over it.

[2] The lengthy allegations of the petition as to this aspect of lack of legal aid may be summarized thus: (a) in refusing the continuance of the trial he was not granted sufficient time to obtain an attorney of his own choice to defend him; (b) he was assigned an attorney designated by the court to help him during the trial; (c) the trial was not suspended, notwithstanding the fact that the attorney designated by the court stated that he was ill and unprepared.

[3] The incident on the continuance of the trial set for September 27, 1961 and transferred to October 2, gave rise to the resignation of the

court denied the petition for habeas corpus. He assigns five errors to request the reversal of said judgment.[4]

■  The Solicitor General requests that this petition be denied because since Marrero took an appeal from the sentence of life imprisonment—which appeal is still pending—[5] said appeal constitutes an adequate remedy to dispose of the questions raised in the habeas corpus. This is true. In *Chamberlain* v. *Delgado, Warden*, 82 P.R.R. 287 (1961), our most recent expression on this point, we said:

attorney selected by the defendant for his defense, who alleged that he had made a previous appointment for this latter date to represent certain defendants in the Aguadilla Court, and because of the absence of an essential witness. In view of this resignation the trial court designated an attorney from the Office of Legal Aid to represent the defendant.

A petition for a writ of prohibition was filed in this Court on September 29, asking us to review the proceedings of the trial court and to set aside the day set. Copies of the transcript of evidence concerning the incident on the continuance were attached to the petition as well as a sworn statement of the absent witness. We considered the petition as one for certiorari and we denied it. *Marrero* v. *Superior Court*, Writ of Prohibition No. 114, order of September 30, 1961. In passing we indicated that Marrero had resorted to this Court by way of a petition which had been signed by the same attorney who had resigned his representation in the criminal case.

[4] The errors assigned are as follows: That the trial judge erred in deciding, in violation of the provisions of the Fifth, Sixth, and Fourteenth Amendments of the Federal Constitution and of § 11 of Art. II of the Commonwealth Constitution, that (1) the trial judge did not abuse his discretion in refusing to suspend the trial because of the justified absence of his attorney, depriving petitioner, therefore, of his constitutional right to be defended by his own attorney; (2) the trial judge did not abuse his discretion in not giving petitioner sufficient time to obtain an attorney of his own choice; (3) the trial judge did not abuse his discretion in refusing to continue the hearing of the case at the request of the attorney designated by the court to defend petitioner, on the ground that he was not prepared and felt ill, thereby depriving petitioner of actual legal assistance; (4) the petitioner had an active and effective legal assistance during the trial for murder in the first degree held before the trial judge in the Superior Court, San Juan Part, and (5) the trial judge did not abuse his discretion in assigning petitioner an attorney to defend him.

[5] The record on appeal was filed in this Court on November 6, 1963, under No. CR-63-341.

"As a general rule, a writ of habeas corpus shall not be used in substitution of a remedy for appeal, *Irvin* v. *Dowd,* 359 U.S. 394 (1959); *United States* v. *Hayman,* 342 U.S. 205 (1952); *Sunal* v. *Large,* 332 U.S. 174 (1947); *Frisbie* v. *Collins,* 342 U.S. 519 (1952); *Adams* v. *United States,* 317 U.S. 269 (1942); *cf. Cito* v. *United States,* 283 F.2d 49 (1960); *Commonwealth* v. *Taylor,* 165 A.2d 390 (1960); *People* v. *Walker,* 206 N.Y.S.2d 377 (1960).[3] [See, also, Sedler, *Habeas Corpus in Pennsylvania After Conviction,* 20 U. Pitt. L. Rev. 652 (1959); *The Use of Habeas Corpus for Collateral Attacks on Criminal Judgments,* 36 Calif. L. Rev. 420 (1958); *Habeas Corpus—Exhaustion of Remedies Held to Require Timely Appeal,* 97 U. Pa. L. Rev. 285 (1948); *cf. Habeas Corpus—Use as a Remedy Where the Appeal Process Has Been Exhausted,* 46 Mich. L. Rev. 570 (1948).] We adopted an identical rule from the realms of our decisions, *Ex parte Mauleón,* 4 P.R.R. 119, 123 (1903); *Ex parte Bird,* 5 P.R.R. 241 (1904); *Ex parte Díaz,* 7 P.R.R. 153 (1904); *Ex parte Cintrón et al.,* 5 P.R.R. 87 (1904); *Ex parte Rosa,* 8 P.R.R. 125 (1905), and since then we have adhered to it consistently, *Ex parte Dessús,* 11 P.R.R. 369 (1906); *Ex parte Lebrón,* 16 P.R.R. 629 (1910); *People* v. *Burgos,* 18 P.R.R. 72 (1912); *Ex parte Sánchez,* 18 P.R.R. 175 (1912); *Ex parte Huertas et al.,* 22 P.R.R. 489 (1915). Nevertheless, when exceptional circumstances exist, a writ has been issued irrespective of the fact that there is an appeal pending. *Sunal* v. *Large, supra; Valentín* v. *Warden,* 80 P.R.R. 450 (1958); *Ex parte Hernández,* 54 P.R.R. 396 (1939). *Cf. Brown* v. *Allen,* 344 U.S. 443 (1953). The existence of these special circumstances is a question to be determined after having considered the facts involved in each case. *Frisbie* v. *Collins,* 342 U.S. 519 (1952). Even when these special circumstances exist, discretion shall not be exercised if the questions can be raised on appeal. *Larson* v. *United States,* 275 F.2d 673 (5th Cir. 1960); *Brown* v. *Allen,* 344 U.S. 443 (1953). In *People* v. *Burgos,* 18 P.R.R. 72 (1912), we decided that if an accused asserts that he has been twice put in jeopardy and the court heard the evidence thereon and overruled it, a writ of habeas corpus cannot be issued to review this ruling, for in such cases the law grants the 'ample remedy of appeal.' It has been likewise held in *Ex Parte Huertas et al.,* 22 P.R.R. 489 (1915). See note in 8 A.L.R.2d 285

and *Ex parte Nielsen,* 131 U.S. 176 (1889), *cf. Fournier* v. *González,* 269 F.2d 26 (1959)."

See, also, *Turpin* v. *Sacks,* 291 F.2d 223 (6th Cir. 1961).

■■ There is no doubt that the grounds adduced in the petition for habeas corpus to challenge the validity of the sentence—refusal to suspend the trial and lack of legal assistance—may be argued as errors in the appeal taken. *People* v. *Cordero,* 82 P.R.R. 367 (1961) ; *cf. People* v. *Pérez,* 83 P.R.R. 357 (1961). However, at the hearing appellant insisted that since the trial judge issued the writ sought and held the hearing, this Court is bound to pass on the merits of the errors assigned in this petition even though the appeal taken against the sentence of life imprisonment is pending. The question relating to the impropriety of the writ in view of the availability of the remedy of appeal was not raised at any time in the trial court. Furthermore, even if it had been, the petition alleged exceptional circumstances which apparently justified the attack on the sentence, notwithstanding the intention to appeal therefrom,[6] and this could very well have induced the court to issue the writ.

■ Recently, in *Fay* v. *Noia,* 372 U.S. 391 (1963), the Supreme Court of the United States held that federal courts have jurisdiction to consider habeas corpus proceedings even when the petitioner has failed to exhaust the remedies available in the courts of the State to challenge a conviction when these remedies *are not available* at the time he files his petition. This expression constitutes an acknowledgment of the doctrine laid down to the effect that *remedies available in State courts shall be exhausted* before applying for habeas corpus. As we have noted, when the petition for habeas corpus was filed, Marrero not only had the remedy of appeal

---

[6] In the petition it is alleged that the prisoner "cannot obtain bail bond while *the appeal is pending,*" but the notice of appeal was actually filed at 3:56 p.m. on November 7, after the petition for habeas corpus had been filed.

available, but he actually used it. See *Smith* v. *Mississippi*, 373 U.S. 238 (1963); *Bartone* v. *United States*, 375 U.S. 52, 32 L.W. 3162.

■ As we have anticipated, appellant seeks to maintain that there are exceptional circumstances to justify habeas corpus, even though an appeal from the judgment challenged is pending, on the ground that "since he was sentenced to serve life imprisonment he cannot obtain bail bond while the appeal is pending; that the appeal shall have to wait its turn as to the transcript of the evidence, the approval thereof and the judgment roll; for this reason, petitioner herein shall have to remain in prison during a number of months by virtue of a judgment rendered without jurisdiction." We do not agree that the circumstance indicated justifies the petition for habeas corpus, because precisely, and considering the only question of a constitutional nature raised herein, the best way to show that the petitioner did not have an adequate legal assistance should arise from the actions of the attorney that was designated, as they appear from the transcript of the evidence. *People* v. *Cordero, supra; Rivera* v. *Tarrido*, 80 P.R.R. 206 (1958); *cf. Santana* v. *Piñero, Supt.*, 86 P.R.R. 565 (1962); *Schlette* v. *People of State of California*, 284 F.2d 827 (9th Cir. 1960); *Commonwealth* v. *Banmiller*, 139 A.2d 918 (Pa. 1958); *United States* v. *Banmiller*, 205 F.Supp. 123 (DC ED Pa. 1962).[7] Appellant argues in this respect that at the hearing of the habeas corpus the attorney who defended petitioner expressly admitted that he was not prepared and that he was ill in the course of the prosecution. On this point the trial judge, after examining

---

[7] Mere errors or mistakes of the defender do not justify the setting aside of a judgment, unless the situation involved has rendered the trial a farce or an obvious negation of justice. *People* v. *Díaz*, 87 P.R.R. 656 (1963); *People* v. *Torres*, 81 P.R.R. 659 (1960); *United States* v. *Pate*, 312 F.2d 161 (7th Cir. 1963); *Commonwealth* v. *Myers*, 190 A.2d 365 (Pa. 1963); *State* v. *Tahash*, 115 N.W.2d 921 (Minn. 1962).

all the evidence, made findings of fact contrary to appellant's contentions.[8] It seems clear that the statements of said attorney are nothing more than an expression of his own opinion, and that in truth the best way to make clear whether Marrero had an adequate defense is by examining his actions as they appear from the transcript of the evidence.[9] Evidence *aliunde* of the record of the criminal case—proof of the proceedings had in the trial court concerning the present habeas corpus proceeding—does little to improve appellant's position, for in its fundamental aspects and particularly in those in which there was a conflict, it did not establish the lack of adequate legal assistance or the conflict was settled against him. That is why we insist that the allegation of lack of adequate legal assistance should be raised within

---

[8] "The attorney . . . graduated in 1957 and began to practice his profession in November of that same year. He was legal adviser to the police and in the discharge of his duties he at times acted as defender and other times as private prosecuting attorney. Since September 1960 he has been acting in the Superior Court as public defender. He originally discharged this office in Humacao and at present in San Juan. He has taken part in numerous and various cases tried by a jury, although on October 3, 1961 he had never defended a murder case although he did defend cases of attempt to commit murder. The attorney . . . is an intelligent, striving and hardworking lawyer. He was available to give his services to the defendant and to begin preparing the case from the moment he was entrusted with this mission.

". . . . . . . . . . . . . .

"When the case was called for trial on October 2, the attorney . . . alleged that he was not ready because he had not had the opportunity to confer with the defendant. In view thereof the trial was suspended for the following day, October 3, and all the witnesses of the prosecuting attorney were placed at his disposal. On October 3, and although he had amply conferred with the witnesses for the prosecution and with the defendant, the attorney reproduced the motion for continuance of September 26, basing his petition on the same arguments. He also alleged that he did not feel well, but we concluded, as a matter of fact, that although his health condition was not ideal, it did not affect in any way the discharge of his professional duties."

[9] In weighing the testimony of said attorney the court stated that "in view of the attitude and behavior of the witness, we believe that his testimony is prejudiced and unworthy of credit."

the appeal already taken. It was incumbent on appellant to establish that he did not have adequate legal assistance. However, he merely presented fragments of the testimonies offered in the course of the prosecution which culminated in his conviction. The practical effect of our opinion is precisely to offer appellant a new opportunity to establish the basic allegation in demand of his freedom, which obligation he did not meet adequately in the present proceeding.

■■ Finally, it is strongly insisted that the defendant had the right to be defended by an attorney of his own choice. Referring to the right to legal assistance, Mr. Justice Sifre, in the opinion rendered in *Romero* v. *Warden*, 78 P.R.R. 544, 549–50 (1955), stated:

"That right must be zealously protected by the courts, but the defendant should not be reluctant to exercise it [citations] nor use it to obstruct the normal course of proceedings. He should not wait until the last minute to designate counsel, unless he has good reasons for not doing it sooner, and then allege, if the outcome of the proceeding is adverse to him, that because of his own omission and lack of diligence he was denied such right. To sanction this action which we reject here would be tantamount to establishing a precedent highly injurious to the orderly administration of justice in criminal matters. The effect would be to grant the defendants the control over the calendars of the courts by placing them in a position to determine when the proceedings shall be heard, thereby furnishing an easy means to have the trials postponed at their will simply by waiting until the last minute to employ or change counsel."

This is the best answer to the contention. See, also, *Orona* v. *Alcalá, Warden*, 87 P.R.R. 643 (1963); *Pérez* v. *Delgado, Warden*, 83 P.R.R. 334 (1961); *Flores* v. *Warden*, 79 P.R.R. 476 (1956).

For the reasons stated the appeal taken from the judgment rendered by the Superior Court, San Juan Part, on December 6, 1961, will be dismissed.

Mr. Chief Justice Negrón Fernández dissented.

—o—

Mr. Chief Justice Negrón Fernández, dissenting.

San Juan, Puerto Rico, December 16, 1963

The question relating to the lack of adequate and effective legal assistance and the opportunity of defense raised in the present proceeding does not rest exclusively on the record of the proceedings had in the trial of the criminal case from which an appeal was taken. At the hearing of the habeas corpus evidence was introduced before the presiding judge and that evidence, *aliunde* of the record, shall not be sent to us on the appeal of the criminal case. Consequently, we could not assert, as we did in *Chamberlain* v. *Delgado, Warden*, 82 P.R.R. 287, 294 (1961), that the questions raised in this habeas corpus proceeding "may all be considered in the appeal which is pending before this Court." I believe that it would be proper to decide the present appeal on its merits, and to refer, if necessary, for the purposes of disposing of the same—as we did in the *Chamberlain* case—to the proofs appearing from the record before us in the appeal taken from the criminal cause.