257 So.2d 303 (1972)
James William PAULSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-787.
District Court of Appeal of Florida, Third District.
February 1, 1972.
Barrett, Diliberto & Estrumsa, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., and David I. Gilbert, Legal Intern, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
The appellant was found guilty of breaking and entering with intent to commit grand larceny and grand larceny after a trial before the court without a jury. He was sentenced to three years in the state prison and this appeal followed. There are two issues involved: (1) Was the proof of the value of property taken sufficient to meet the requirements for proof of grand larceny? (2) Were appellant's constitutional rights violated by the admission at trial of his previously obtained fingerprints? We affirm.
Appellant's position upon the first issue is not sustained by the record. The record contains sufficient testimony from the owner as to the value of the property taken. Roundtree v. State, Fla.App. 1970, 236 So.2d 140.
The question of the admissibility of the fingerprints of the appellant was first raised upon a motion to suppress the fingerprints. The basis of the motion to suppress was that the fingerprints were obtained upon appellant's arrest for a previously charged crime and that the arrest was illegal as being in violation of F.S. *304 § 901.15(1)[1], F.S.A. It was thereupon argued that because the arrest upon the prior charge was illegal that therefore the fingerprints taken at the time of the arrest were "fruit of a poison tree" and therefore inadmissible in evidence upon the prosecution for the later crime.
Appellant's initial arrest was upon a charge of public drunkenness. His fingerprints were routinely taken and proved to match fingerprints discovered at the scene of the larceny. Appellant's guilt of the breaking and entering and the larceny charges was fully proved by the testimony of an accomplice and was corroborated by the fingerprint evidence. The claimed illegality of the arrest upon the public drunkenness charge resulted from the fact that police observed appellant's condition while they were upon an emergency call to aid a young lady who was seriously ill. Appellant was observed in the hallway of the apartment house where the girl was found. The police did not arrest appellant at this time for the stated reason that the emergency call took precedence. He was arrested several hours later.
Appellant relies upon the decision of the United States Supreme Court in Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), for a holding that because the initial arrest upon the misdemeanor charge was illegal the fingerprints taken at that time may not be used in a subsequent prosecution for another crime. In the Davis case, supra, the court set forth facts of an investigatory search for the perpetrator of a rape. Within a period of ten days the police, without warrants, took at least 24 Negro youths to police headquarters where they were questioned briefly, fingerprinted and then released without charge. The petitioner was one of those questioned, fingerprinted and released. He was subsequently again arrested without charge and confined to jail, fingerprinted a second time, took a lie detector test, and subsequently made a statement. The petitioner was thereafter indicted and tried for the rape and the fingerprint evidence was admitted into evidence at the trial over petitioner's timely objection that the fingerprints should be excluded as the product of an unlawful detention. The court held:
* * * * * *
"Detentions for the sole purpose of obtaining fingerprints are no less subject to the constraints of the Fourth Amendment."
* * * * * *
"We have no occasion in this case, however, to determine whether the requirements of the Fourth Amendment could be met by narrowly circumscribed procedures for obtaining, during the course of a criminal investigation, the fingerprints of individuals for whom there is no probable cause to arrest. For it is clear that no attempt was made here to employ procedures which might comply with the requirements of the Fourth Amendment: the detention at police headquarters of petitioner and the other young Negroes was not authorized by a judicial officer; petitioner was unnecessarily required to undergo two fingerprinting sessions; and petitioner was not merely fingerprinted during the December 3 detention but also subjected to interrogation."
* * * * * *
We do not think that it follows from this discussion that fingerprints obtained at every arrest that is not in accordance with a state statute are fruit of a poisoned tree and must therefore be tainted in perpetuity.
*305 It is not apparent in the present case that the arrest for public drunkenness was for the sole purpose of obtaining fingerprints. Nor do we find that this record supports an argument that the arrest for public drunkenness was a detention for interrogation and investigation for another crime. The record supports the view of the trial court that the arrest for public drunkenness was postponed because it was impractical at the time that the offense was committed in the presence of the arresting officer, due to the emergency situation. The arrest may have been a mistake but it was not an example of overreaching governmental misconduct which must be suppressed at any cost.
The Supreme Court of the United States in the cited opinion pointed out the basis for the exclusionary rule:
"The exclusionary rule was fashioned as a sanction to redress and deter overreaching governmental conduct prohibited by the Fourth Amendment." 394 U.S. 724, 89 S.Ct. 1396, 22 L.Ed.2d 679
This statement of the basis for the exclusionary rule is much more easily understood when the courts are dealing with illegal searches and seizures of evidence. Cf. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961). Fingerprints are a physical characteristic and they are obtainable in many ways. United States v. McCarthy, 297 F.2d 183 (7th Cir.1962). We think that we are here asked to extend the exclusionary rule beyond the holdings of the applicable Federal decisions. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Pearson v. United States, 389 F.2d 684 (5th Cir.1968). Mr. Justice Harlan in his concurring opinion in Davis v. Mississippi points out the fact that the rule there applied must be limited to bad faith arrests. 394 U.S. 728, 89 S.Ct. 1398, 22 L.Ed.2d 682.
We therefore hold that error has not been demonstrated upon the trial court's denial of appellant's objections to the fingerprint evidence.
Affirmed.
NOTES
[1] "901.15 When arrest by officer without warrant is lawful  A peace officer may without warrant arrest a person:

(1) When the person to be arrested has committed a felony or misdemeanor or violation of a municipal ordinance in his presence. In the case of such arrest for a misdemeanor or violation of a municipal ordinance, the arrest shall be made immediately or on fresh pursuit."
* * * * *