329 So.2d 356 (1976)
George Washington SYKES, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. X-445.
District Court of Appeal of Florida, First District.
April 5, 1976.
*357 Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
*358 MILLS, Judge.
Sykes was charged with the crime of breaking and entering a dwelling house with the intent to commit a felony, and with the crime of grand larceny. He was convicted by a jury as charged. He appeals from the judgment of conviction and sentence to the state prison.
The issues raised by his appeal are:
1. Whether the trial court erred in failing to exclude a witness and photographs from use at trial where the State failed to disclose them to him after a timely discovery motion was made under Rule 3.220, Florida Rules of Criminal Procedure.
2. Whether the trial court erred in denying several motions for mistrial made by him during the trial.
3. Whether the trial court erred in admitting his fingerprints into evidence over his objection that they were inadmissible because they resulted from an illegal arrest.
Just before the commencement of the trial, it was brought to the trial court's attention that the State was going to use a witness whose name had just been disclosed to Sykes. Sykes moved the court to exclude the witness, because the witness had not been disclosed in response to his discovery. The court rejected the State's explanation for failure to disclose, but when the State informed the court that the witness would be used only to prove chain of custody, the court offered Sykes from one to four hours to interview the witness. Sykes asked for only one hour. The court stated it would listen further to Sykes after the interview if he then felt he would be prejudiced by proceeding to trial. The court heard nothing further from Sykes. The court also pointed out that the witness was disclosed to Sykes on the afternoon before the trial and that he was informed by his attorney on that afternoon that he was ready for trial. The court inquired of the attorney why he did not interview the witness that afternoon, but received no response or explanation. The witness later testified at the trial as to the chain of custody of cards bearing fingerprints and, as an expert, on the limited question of whether the prints were sufficiently clear to bear analysis.
Violation of a rule of criminal procedure does not require a reversal of a conviction unless the noncompliance with the rule results in prejudice or harm to the defendant. The rules of criminal procedure are not intended to furnish a defendant with a procedural device to escape justice. Richardson v. State, 246 So.2d 771 (Fla. 1971). In the case before us, although the State did not comply with Rule 3.220, Florida Rules of Criminal Procedure, Sykes was given a reasonable opportunity to interview the witness before the commencement of the trial, and was given an opportunity to show prejudice or harm after the interview. His attorney interviewed the witness and at no time thereafter complained that Sykes would be prejudiced or harmed by proceeding to trial. The court took every precaution to guarantee him a fair trial.
After the State had introduced photographs of the scene into evidence, Sykes moved to exclude them because the State failed to produce them to him in response to his discovery. The court properly denied the motion, because it was not timely made.
During examination of the arresting officer by the State, the following took place:
"Q. Where or what if anything was he [defendant] arrested in or on?
A. He had a vehicle with him that he said belonged to him, it was white over green Cadillac, 1970 Cadillac.
Q. Yes, sir, and upon arresting the defendant, what if anything ..."
At this point Sykes objected and moved for a mistrial. The court denied the motion *359 for a mistrial, but sustained the objection and instructed the jury to disregard that part of the testimony where defendant said the car belonged to him.
During examination of a correctional officer by the State, the following took place:
"Q. Where have you seen him [defendant]?
A. At the Duval County Jail on several occasions."
Sykes objected and moved for a mistrial. The court denied the motion for a mistrial, but sustained the objection, and instructed the jury to disregard the witness' answer.
During examination of an evidence technician by the State, the State offered a card with latent fingerprints on it into evidence. Sykes objected and moved for a mistrial on the ground that the card had his name on the back of it. The court erased the name, denied the motion for a mistrial, sustained the objection, and instructed the jury to disregard the fact that defendant's name had been written on the card.
Sykes contends that the denial of his motions for a mistrial, made after prejudicial and inadmissible evidence was brought out in the presence of the jury, violated his right to a fair trial and due process of law.
A mistrial should be granted only when such a fundamental or prejudicial error has been committed as will require the granting of a new trial later. Where no substantial prejudice or harm occurs, the court should deny a mistrial. Where improper questions are asked of a witness in the presence of the jury, the defendant should request the court to instruct the jury to disregard the objectionable remarks. Perry v. State, 146 Fla. 187, 200 So. 525 (1941). The objectional remark by the arresting officer was not responsive to the question, was volunteered, and was not an essential element of proof; the objectionable remark by the correctional officer was not relevant or material, and did not infer guilt of Sykes; and the objection to the defendant's name on the back of a fingerprint card, where the fingerprints were subsequently identified as the defendant's fingerprints, has no merit. The court properly declined to declare a mistrial, and properly instructed the jury to disregard the objectionable remarks. Sykes received both a fair trial and due process.
Sykes objected to the use of a set of his known fingerprints, which were taken on a date prior to the fingerprints taken at the scene in this case, and were being used to compare with the fingerprints taken in this case. Sykes objected on the ground that these fingerprints were obtained following an arrest on which no charge was made, therefore, the fingerprints were a result of an illegal arrest. The objection was overruled. Sykes contends that the trial court should have determined the validity of the arrest, and because the arrest was illegal should have sustained the objection.
Rule 3.190(h)(2), Florida Rules of Criminal Procedure, provides that the facts on which the suppression is based must be stated. Rule 3.190(h)(3) provides that before hearing evidence, the court shall determine the sufficiency of the motion to suppress. In the case before us, the objection was not based on facts, therefore, was insufficient. Because no charge is filed against a person, does not mean that there was no probable cause for the arrest. The prosecutor could have declined to file a charge for many reasons. For example, the prosecutor may have felt he could not prove the charge beyond and to the exclusion of every reasonable doubt. On its face, the objection of Sykes failed to state that the arrest was illegal. In this posture, the court did not err in failing to determine by an evidentiary hearing the validity of the arrest.
The record here does not show that the arrest in question was for the sole purpose *360 of obtaining fingerprints. Nor does it show that the arrest was a detention for interrogation and investigation for another crime. It is not shown that the arrest was overreaching governmental misconduct. Therefore, Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969), relied upon by Sykes, is not applicable to the case before us. Paulson v. State, 257 So.2d 303 (Fla.App.3d, 1972), is applicable. The trial court was correct in overruling the objection.
We affirm the judgment and sentence.
RAWLS, Acting C.J., and SMITH, J., concur.