PER CURIAM.
The defendant, Larry Johnson, pleaded nolo contendere to an information charging him with burglary of a dwelling. A ruling denying defendant’s motion to suppress evidence was reserved for appeal. The point presented urges that the motion to suppress a fingerprint sample should have been granted because the sample was obtained as a result of an illegal arrest.
It affirmatively appears from this record that the defendant’s arrest was not for the *124 purpose of obtaining his fingerprint as in Davis v. Mississippi, 393 U.S. 821, 89 S.Ct. 149, 21 L.Ed.2d 93 (1968). Defendant’s arrest was based upon an account of an eyewitness who provided specific information of defendant’s acts and a sufficient description of the defendant to support his identification as the culprit. The fact that this witness’ testimony would not, in the absence of other evidence, have been sufficient to convict the defendant does not make the arrest illegal. See State v. Outten, 206 So.2d 392 (Fla.1968); and cf. Martin v. State, 194 So.2d 291 (Fla. 3d DCA 1967). The point is without merit. See Paulson v. State, 257 So.2d 303 (Fla. 3d DCA 1972).
A second point presented does not show reversible error. See Berkman v. Miami National Bank, 143 So.2d 535 (Fla. 3d DCA 1962).
Affirmed.