MILLS, Chief Judge.
The trial court denied Wooten’s motion to suppress on the grounds that the police officers had probable cause to make the arrest and a warrant was not required, thus, the search incident to the arrest was proper and the fruits of the search need not be suppressed. Wooten challenges this determination and we affirm.
The relevant facts are that a confidential informant called the police station and told Detective Clayton that Wooten would be at the courthouse that morning, that he would be back at his place of business around noon, and that he would have heroin and cocaine hidden in his crotch. Clayton had successfully used information from the informant before and had heard “street talk” that Wooten was dealing in drugs. Around *147 noon the informant called back and told the officer taking the call that Wooten was at his place of business and had drugs on him. He described Wooten’s clothing and his car which would be parked nearby. The information was relayed to Clayton who with the aid of other officers went to the described location, saw Wooten who was dressed as they had been told, arrested him for possession of a controlled substance, and searched him. The search revealed two leather pouches of heroin and cocaine secreted in the crotch of his pants.
In his motion to suppress, Wooten contended that the contraband seized should be suppressed because the search was executed without warrant, was not incident to a lawful arrest, and was without probable cause. In his accompanying memorandum of law and in his brief before this Court, he focused on the lawfulness of the arrest and on probable cause:
“Where a person suspected of criminal conduct is arrested without a warrant, the constitutional validity of a subsequent search of his person or premises must depend upon the constitutional validity of the arrest, and whether that arrest was constitutionally valid depends, in turn, upon whether, at the moment the arrest was made, the officers had probable cause to make it . . .” 9 Fla. Jur., Criminal Law, § 178 [See also 15 Fla.Jur.2d, Criminal Law, § 510.]
In State v. Adams, 355 So.2d 194 (Fla. 1st DCA 1978), cert. denied, Fla., 359 So.2d 1220, this Court, in reviewing the sufficiency of an affidavit for a warrant, held that probable cause must be supported by sufficient underlying facts to allow the judge to determine that the hearsay information is reliable and the informant is credible. Wooten does not contest the credibility of the informant and the officers’ reasonable reliance on him, but raises the single narrow question of whether the information given was proven to be reliable. Since the officers did not know how the informant procured the information — whether it was from personal knowledge or hearsay — they could not make an independent judgment as to its reliability.
In considering this contention, we must return to the basic test for the lawfulness of an arrest set forth by the United States Supreme Court in Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). It is whether the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Applying that test, we concur with the trial judge’s conclusion that there was probable cause and the arrest was legal. Although there was no direct testimony concerning the source of the informant’s information and the officer who took the second call admitted that he could not remember if the informant had said that he had seen the defendant dealing in drugs that day, we think the record supports the conclusion of the trial judge that “a fair and common sense reading of the testimony indicates that the informant clearly had personal knowledge of the defendant’s possession of drugs.” Additionally, the officers were able to corroborate the other information provided concerning the time, place, car, and clothing. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).
Accordingly, we affirm the trial judge’s denial of the motion to suppress. Wooten having entered a plea of nolo contendere with reservation of the right to appeal this question and the question having been determined adversely to him, his judgments and sentences are AFFIRMED.
SHIVERS, J., and WOODIE A. LILES (RET.), Associate Judge, concur.