430 So.2d 983 (1983)
Bradley McKEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1443.
District Court of Appeal of Florida, Third District.
May 10, 1983.
*984 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven Jacob, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
NESBITT, Judge.
The defendant entered a plea of nolo contendere to charges of: (1) possession of a controlled substance; and (2) carrying a concealed weapon, specifically reserving the right to appeal the denial of his motion to suppress tangible physical evidence. We affirm.
The arresting officer was the only witness to testify at the motion to suppress. He stated that in the early morning hours of July 17, 1981 he was dispatched to the vicinity of Southwest 40th Street and 78th Court in response to a burglary call. He observed the defendant, who fit the description provided in the dispatch call, running some two blocks from the address to which he had been sent. The officer advised the defendant to stop, but McKee kept running. The defendant was carrying an unidentified dark object in his hand, which he dropped after running for a short distance. Eventually, the defendant was apprehended and a subsequent search produced a knife and a controlled substance. The defendant was later identified by a witness as the burglar.
The defendant contends that the anonymous tip, which was utilized as the basis for stopping him, was not sufficiently reliable so as to meet the criteria of State v. Hetland, 366 So.2d 831 (Fla. 2d DCA 1979), approved 387 So.2d 963 (Fla. 1980). The reliability of a tip is indicated by the specificity of the information and its corroboration *985 by prompt police action finding an individual in the area who fits the description in the BOLO. State v. Hetland, supra. See also, State v. Pryor, 427 So.2d 1057 (Fla. 4th DCA 1983).
The tip in the present case contained sufficient information from which the officer could identify the defendant[1] and, most significantly, it was coupled with the precise address at which the burglary had occurred. This information was corroborated when the defendant was found in the location given in the BOLO and he fit the description provided by the witness. Consequently, we find that the criteria of Hetland have been met.
The remaining question, then, is whether, under the circumstances described herein, the officer had probable cause to arrest the defendant. Probable cause exists when the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that an offense has been committed. Wooten v. State, 385 So.2d 146 (Fla. 1st DCA 1980). The facts constituting probable cause need not meet the standard of conclusiveness required of the circumstantial facts upon which a conviction must be based. Shriner v. State, 386 So.2d 525 (Fla. 1980), cert. denied, 449 U.S. 1103, 101 S.Ct. 899, 66 L.Ed.2d 829 (1981).
The defendant was identified by the officer from a description given by a witness, he was found within two blocks of the alleged crime scene and he fled upon observing the officer. Based on these facts, we find that there was probable cause to arrest. Shriner v. State, supra; Johnson v. State, 354 So.2d 123 (Fla. 3d DCA 1978). The search was therefore valid as incident to a lawful arrest. Consequently, we affirm the trial court's denial of the defendant's motion to suppress.
Affirmed.
NOTES
[1] The fact that at the hearing on the motion to suppress the officer was unable to recall the description that he was given of the defendant does not alter this decision. The trial judge apparently found the witness to be credible and we must accord that finding a presumption of correctness. McNamara v. State, 357 So.2d 410 (Fla. 1978).