PER CURIAM.
The trial court held that an affidavit was insufficient on its face to establish probable cause for issuance of a warrant for search of a dwelling. The State appeals.
The affidavit recites:
Your affiant has been a member of the Jacksonville Sheriff’s Office for two (2) years. A confidential informant within the past twenty-four (24) hours told your affiant that within the past twenty-four (24) hours the informant had been inside the above-described residence. While inside the residence, the informant admits that he (informant) purchased a quantity of what was represented by the occupant to be Marijuana. After purchasing the substance, the informant brought it to your affiant who identified the substance as Cannabis, commonly known as Marijuana.
The informant can readily identify Marijuana. Your affiant has had police training and experience identifying Cannabis, commonly known as Marijuana.
Said informant further related at said time that there is an additional quantity of Cannabis, commonly known as Marijuana, in the above-described residence. Your affiant believes said informant because the said admission by said informant constituted an admission against penal interest.
The affidavit is insufficient in that it fails to recite sufficient underlying circumstances from which the magistrate could independently determine that the hearsay information was reliable and that the informant was credible. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Specifically, the affidavit fails to recite facts to establish the credibility of the informant. Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977).
A statement against an informant’s penal interest may contribute to his reliability. Davis v. State, supra; State v. Patterson, 309 So.2d 555 (Fla. 2d DCA 1975); State v. Henderson, 318 So.2d 524 (Fla. 2d DCA 1975); State v. Jacobs, 320 So.2d 45 (Fla. 2d DCA 1975). However, the facts recited in this affidavit did not establish an admission against the penal interests of the informant. We do not believe that such a statement made by a “confidential informant” would constitute an admission against his penal interest or that such admission would carry its own indicia of reliability.
Therefore, the order granting the motion to suppress is AFFIRMED.
McCORD, C. J., and BOYER and SMITH, JJ., concur.