OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment dismissed.
 

 To establish probable cause based upon an informant’s tip, whether for issuance of a search warrant or for a warrantless arrest and search conducted in exigent circumstances, it must be shown that the informant is credible or reliable, and also that he had a sufficient basis for concluding that the subject of the tip is engaged in illegal activities. (See
 
 Aguilar v Texas,
 
 378 US 108, 114;
 
 People v Wirchansky,
 
 41 NY2d 130, 131;
 
 People v Hanlon,
 
 36 NY2d 549, 556;
 
 People v Castro,
 
 29 NY2d 324, 326.)
 

 In the present case, the informant apprised the police of the fact that the defendant was trafficking in drugs. He also informed the police that the defendant was traveling to and from New York City almost daily to buy drugs, and that he was using the trains and busses for transportation. He did not know, however, where the drugs were being kept, nor at what time the defendant made his trips to New York City. In fact, the informant never revealed how he came to acquire this information. Since the informant failed to disclose the basis for his acquisition of this information, the
 
 Aguilar
 
 test was not satisfied.
 
 (People v Wirchansky,
 
 41 NY2d, at p 133,
 
 supra.)
 
 We cannot presume from the informant’s statement that his information was gleaned from personal observation. (See
 
 People v Hendricks,
 
 25 NY2d 129, 136.)
 

 The People seek, however, to bolster the informant’s tip through the independent observations of the police. (See, e.g.,
 
 People v Brandon,
 
 38 NY2d 814, 815;
 
 People v Slaughter,
 
 37 NY2d 596, 599.) Immediately prior to the officers’ arrest and search of the defendant, they observed the defendant and a woman enter a cab which proceeded to Albany. Along the route, the police stopped the cab and searched the defendant. Besides this testimony, the only other testimony given by the arresting officers concerning their independent observations of
 
 *658
 
 the defendant related to their surveillance of the defendant’s residence on the previous day. Their surveillance disclosed nothing more significant than the occurrence of a conversation between the defendant and an unknown party in front of the defendant’s residence.
 

 Clearly, the independent observations of the arresting officers were insufficient to bolster the information conveyed by the informant. None of their observations served to corroborate the informant’s statement that defendant was trafficking in drugs. The defendant’s presence at the Rensselafer train station must be considered equivocal at best. (See
 
 People v Corrado,
 
 22 NY2d 308, 311.) Having no basis to credit the informant’s tip, either by the informant’s statement as to how he obtained his information or by their own independent observations, the police lacked probable cause to arrest and search the defendant. His conviction must be reversed and the indictment dismissed.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order reversed, etc.