■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County, rendered October 17, 1979, affirmed. Concur—Kupferman, Birns, Lupiano and Bloom, JJ.

Murphy, P. J., dissents in a memorandum as follows: At the suppression hearing, Detective Burbage confirmed that an informant named Garcia had told him about several known drug dealers in the Eldridge Street area. The informant also gave Burbage certain information about the defendant. Garcia accurately described the defendant and his car. He also told Burbage that the defendant was the manager of the Brown Social Club (club). For the prior two-month period, Burbage had kept this club under surveillance since it was suspected to be a source of narcotics. On the same day that Burbage spoke to Garcia, he had previously seen the defendant conversing with individuals, both inside and outside the club. This was the only occasion that Burbage had seen the defendant in the vicinity of the club during the two-month period. Garcia also apprised Burbage of the fact that the defendant supplied the club with heroin. Burbage stated that the informant told him that the defendant went each day to an unknown building on Second Street between First and Second Avenues to procure heroin from an individual named "Jerry". The following morning, the police waited and watched the defendant enter and leave a building on Second Street. The police then stopped defendant's car, arrested him and discovered a substantial quantity of heroin on his person. The overriding question presented upon appeal is whether the police had probable cause to arrest and search the defendant solely upon the information supplied by informant Garcia. To establish probable cause based upon an informant's tip, whether for issuance of a search warrant or for a warrantless arrest and search conducted in exigent circumstances, it must be shown that the informant is credible or reliable, and also that he had a sufficient basis for concluding that the subject of the tip is engaged in illegal activities (People v West, 44 NY2d 656, 657). The prosecution failed to satisfy this two-prong test set forth in Aguilar v Texas (378 US 108, 114) and its progeny. Garcia cannot be considered a reliable informer for many reasons. First, he did not tell Burbage that he had personally observed the criminal activities of the defendant, nor did he otherwise state the source of his information. (People

*v West, supra.)* Garcia did state that he gained his knowledge about the club from his narcotics dealings with several people mentioned to Burbage. However, Burbage did not testify that Garcia had specific narcotics dealings with the defendant nor should that fact be presumed. *(People v Hendricks, 25 NY2d 129, 137.)* Second, Garcia's reliability was neither established nor buttressed in any of the other ways mentioned in *People v Brown* (40 NY2d 183, 187): "This can be accomplished in various ways. For instance the police officer might be able to state that the informant has furnished reliable information in the past *(Aguilar v Texas,* 378 US 108, 114, n 5, *supra),* that he is a fellow law enforcement officer *(United States v Ventresca,* 380 US 102, 111), that the informant's statement was under oath, as before a Grand Jury *(People v Wheatman,* 29 NY2d 337, 345; compare *United States v Harris, supra,* at p 575), or was obviously against penal interest *(People v Wheatman, supra;* see, also, *United States v Harris, supra).* And, of course, the police may objectively check the informer's tale *(Spinelli v United States,* 393 US 411, *supra;* see, also, *People v Hanlon,* 36 NY2d 549, *supra)".* Third, there was a fundamental discrepancy in the observations made by the surveillance team and the allegations made by Garcia. In a two-month period, the police had observed the defendant on only one occasion in the area of the club. Therefore the police had every reason to suspect the veracity of Garcia's statement that the defendant was the manager of the club and the supplier of its heroin. Fourth, the information provided by Garcia was not so detailed as to be set apart from the category of rumor. *(People v Hendricks,* 25 NY2d 129, 134, *supra.)* Admittedly, Garcia did show his familiarity with several drug dealers in the Eldridge Street area. However, there is every indication that the dealers mentioned were known to the police and otherwise notorious in the community. Garcia also gave an accurate description of the defendant and his vehicle. Again, an informant cannot be considered credible simply because he gives a description of another person and his car. While the recitation of those facts did lend some minimal credence to his accusation against the defendant, it did not, on balance, establish his reliability. Fifth, Garcia's reliability cannot be established by the fact that the defendant, in accordance with Garcia's statement to the police, did appear on Second Street and was arrested with heroin in his possession. The prosecution must show that the police had "probable cause" at the time the arrest was made. "Probable cause" is not established by pointing to the product of an illegal arrest and search. Prior to the arrest, the police saw the defendant conversing inside and outside the club. The following day, they saw him enter and leave a building on Second Street. Thus, the defendant's activity before his arrest was not suspicious nor was it particularly unusual *(People v Corrado,* 22 NY2d 308, 311). The police made no attempt to corroborate Garcia's story by independent investigation. Instead they chose to accept the dubious word of an untested informer. Although Garcia's story did ultimately prove to be true, this did not cure the fact that the police acted initially without probable cause. With regard to the second *Aguilar* prong, Garcia did not state the underlying circumstances from which he concluded that the defendant had committed a crime *(People v Hendricks, supra,* p 136). As was discussed above, there is no mention in Burbage's testimony as to how Garcia acquired his information concerning defendant's criminal activity *(People v West, supra).* Consequently, the police had no basis for crediting that information. Accordingly, the judgment of the Supreme Court, New York County, rendered October 17, 1979, convicting him, upon his plea, of criminal possession of a controlled substance in the third degree and

sentencing him to an indeterminate term of imprisonment from three to nine years, should be reversed, on the law, the motion to suppress should be granted, and the indictment should be dismissed.