429 So.2d 778 (1983)
Albert TERRELL, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-89.
District Court of Appeal of Florida, Third District.
April 12, 1983.
Bennett H. Brummer, Public Defender and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Carolyn Snurkowski, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
Upon a plea of nolo contendere specifically reserving his right to appeal the denial of his concededly dispositive motion to suppress, Terrell was adjudicated guilty of possession of cocaine. We reverse the judgment of conviction with directions to discharge the defendant.
*779 The informant's tip (that Terrell "has cocaine in his car right now and is trying to sell it") which led to the defendant's warrantless arrest and the subsequent contraband-revealing search of Terrell utterly failed to apprise the arresting officer of any "underlying circumstances from which the informant concluded that the narcotics were where he claimed them to be," Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 1514, 12 L.Ed.2d 723, 729 (1964), and, therefore, notwithstanding the conceded reliability of the informant himself, because the "basis of knowledge" prong of Aguilar was not satisfied, no probable cause to arrest the defendant existed.
"The `basis of knowledge' prong [of Aguilar] assumes an informant's `veracity,' and then proceeds to probe and test its conclusion: (`What are the raw facts upon which the informant based his conclusion?' `How did the informant obtain those facts?' `What precisely did he see or hear or smell or touch firsthand?' `If he heard the facts from someone else, what makes that third person "credible" and how did that third person come by the knowledge?'). The judge must ascertain the source for the raw data  the product of someone's senses  and then weigh that data for himself. He is concerned not with that part of an affidavit or testimony which provides information about the informant but with the recitation of the story coming from the informant." Stanley v. State, 19 Md. App. 507, 531, 313 A.2d 847, 861 (1974) (emphasis in original).
In the present case, the arresting officer gave no testimony from which the conclusion could have been drawn that the informant himself had seen the activities about which he spoke, or that although not personally observing these activities, the informant had learned of them from a credible and reliable source. See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) (White, J., concurring); Reed v. State, 267 So.2d 70 (Fla. 1972). From all that appears, the informant here merely suspected, believed or concluded that there were narcotics in Terrell's possession. As in so many like cases, the failure to satisfy this "basis of knowledge" prong of Aguilar renders the defendant's arrest and search incident thereto unlawful. See, e.g., Andersen v. State, 274 So.2d 228 (Fla.), cert. denied, 414 U.S. 879, 94 S.Ct. 150, 38 L.Ed.2d 124 (1973); M.J. v. State, 399 So.2d 996 (Fla. 1st DCA 1981); United States v. Colon, 559 F.2d 1380 (5th Cir.1977); United States v. Chavez, 482 F.2d 1268 (5th Cir.1973); United States v. Long, 439 F.2d 628 (D.C. Cir.1971); Horzempa v. State, 292 Ala. 140, 290 So.2d 220 (1974); Halpin v. Superior Court of San Bernardino County, 6 Cal.3d 885, 101 Cal. Rptr. 375, 495 P.2d 1295, cert. denied, 409 U.S. 982, 93 S.Ct. 318, 34 L.Ed.2d 246 (1972); State v. Richards, 357 So.2d 1128 (La. 1978); State v. Smith, 350 So.2d 1178 (La. 1977); State v. Humble, 309 So.2d 138 (La. 1975); State v. Schmeets, 278 N.W.2d 401 (N.D. 1979); People v. Elwell, 50 N.Y.2d 231, 406 N.E.2d 471, 428 N.Y.S.2d 655 (1980); People v. West, 44 N.Y.2d 656, 376 N.E.2d 190, 405 N.Y.S.2d 29 (1978); People v. Wirchansky, 41 N.Y.2d 130, 359 N.E.2d 666, 391 N.Y.S.2d 70 (1976).
Reversed with directions to discharge the defendant.