JORGENSON, Judge.
Morejon and Casal entered pleas of nolo contendere specifically reserving their right to appeal the denial of their motion to suppress. Thereafter the trial court adjudicated both appellants guilty of trafficking in cannabis in violation of section 893.135, Florida Statutes (1981), and entered a three-year minimum mandatory sentence with respect to each defendant. For the reasons which follow we reverse.
Acting on information from a United States Customs aircraft relayed to them through their dispatcher, deputies of the Monroe County Sheriff’s Office went to a certain location in the Key Largo area. The officers were advised that a motorboat was docked behind a specific house and that the Customs aircraft would be circling overhead. On arrival the officers were advised again through their dispatcher that they were at the proper location. The property was located on a small peninsula with ingress and egress controlled by a single road. Access to the rear of the house, the backyard and the dock was protected by a chain link fence. Thereafter one of the deputies made his way down the chain link fence surrounding the property and crossed over onto the dock of the defendant. Upon approaching the boat, Deputy Leiter testified that he smelled a strong odor of marijuana emanating from the vessel. A closer inspection revealed a bale of material wrapped in burlap which the officer believed from his experience to be marijuana.
Deputy Leiter then observed a man on the second floor terrace of the home. That individual asked Deputy Leiter what Leiter was doing on the property. Deputy Leiter responded that he wanted to see the owner of the boat. Deputy Leiter then heard excited voices and the sound of running from within the house. He and another deputy ordered the occupants outside. Three men came out of the house. Deputy Cockrell then went inside the house and discovered another occupant asleep in the back room. He also observed additional bales of marijuana inside the house. A subsequent search of the boat revealed the presence of additional bales of marijuana.
It is undisputed that no one was aboard the boat at the time Deputy Leiter intruded upon the property in order to make his observations. The trial court based its denial of the motion to suppress on a theory of hot pursuit coupled with exigent circumstances.
Appellants argue (a) that the probable cause requirement of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584,21 L.Ed.2d 637 (1969), is not satisfied and, in the alternative, (b) that the circumstances in this case are not sufficiently exigent so as to permit a search without first obtaining a warrant, see Hornblower v. State, 351 So.2d 716 (Fla. 1977). Since we agree with the appellants that the requisite probable cause to support a search is not present on this record, we do not address the exigent circumstances issue.
The state argues that the Monroe County deputies were entitled to rely upon the communications received from the United States Customs officers as a basis for their action. See Whiteley v. Warden of Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). We would agree with that contention were there a sufficient record to support it. This record is devoid, however, of any evidence which would furnish a basis for the Customs officers’ conclusion that either the vessel or the house contained contraband. No representative of United States Customs testified at the motion to suppress, nor did the Monroe County deputies indicate how the Customs officers gained their information.
Notwithstanding the reliability of the Customs officers, the “basis of knowledge” prong of Aguilar is not satisfied. See Terrell v. State, 429 So.2d 778 (Fla. 3d DCA 1983), and the cases cited therein.
Reversed.