437 So.2d 751 (1983)
David Ray LEISURE, Appellant,
v.
STATE of Florida, Appellee.
No. AM-240.
District Court of Appeal of Florida, First District.
September 9, 1983.
*752 Neal R. Lewis, Miami, and Richard Hersch, Miami, for appellant.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
SHIVERS, Judge.
In this criminal appeal we resume jurisdiction to determine whether appellant's judgment and sentence for burglary and grand theft should be reversed because of an alleged error committed by the trial court in denying appellant's motion to suppress certain tangible evidence seized by the police. When we first considered this appeal, we rejected the State's contention that appellant had waived his right to appeal the suppression issue and relinquished jurisdiction to the trial court with directions to hold a hearing to determine whether the ruling on the motion to suppress was dispositive of the case and whether appellant had a reasonable expectation of privacy in the area searched. On remand, the trial court found, based on a stipulation entered into between appellant and the State, that the ruling on the motion to suppress was dispositive of the case and that appellant had a reasonable expectation of privacy in the area searched. With these findings now before us, we address the merits of the suppression issue.
The relevant facts are as follows. Appellant was arrested along with Anthony James and charged with committing a burglary which had occurred just moments before. Appellant stood silent, admitting no involvement in the burglary. James, on the other hand, confessed to his involvement in the burglary and also provided information implicating appellant in another burglary. *753 James advised the police that, while at appellant's apartment, appellant had displayed to him a stash of loot including jewelry, dental gold, a movie projector, and a stamp collection which appellant boasted he had stolen from a house he had previously burglarized. James further advised the police that appellant shared his apartment with his girlfriend  James' sister  and that by prearranged plan, appellant's girlfriend would destroy the stash of loot if appellant did not immediately return after finishing their present criminal escapade, which had resulted in their arrest. Fearing that appellant's girlfriend would carry out the prearranged plan and destroy the evidence of appellant's misdeeds, the police seized appellant's apartment, which was then occupied by his girlfriend, until a warrant to search the apartment was obtained some four hours later. At that time, the apartment was searched and a considerable amount of stolen property was uncovered.
On appeal, appellant contends that the police lacked probable cause to search his apartment because the information provided by James, which was the basis for the search, failed to meet the two-pronged Aguilar-Spinelli test of reliability. Appellant further asserts that even if probable cause existed, the search was still unlawful because the facts did not present exigent circumstances justifying the warrantless seizure.
Addressing first the probable cause issue, we note that the United States Supreme Court in Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), abandoned the two-pronged Aguilar-Spinelli test for determining the existence of probable cause based on an informant's tip. In its stead, the Supreme Court adopted a totality of the circumstances analysis. In reaching this decision, the court noted that:
The "two-pronged test" directs analysis into two largely independent channels  the informant's "veracity" or "reliability" and his "basis of knowledge." [footnotes omitted] There are persuasive arguments against according these two elements such independent status. Instead, they are better understood as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. [citations omitted]
Id. at ___, 103 S.Ct. at 2329.
In the present case, the seizure by the police of appellant's apartment was based on the firsthand observations of James, the informant. Moreover, James' information was detailed, specifying the kind of evidence that was inside appellant's apartment and where inside the apartment the evidence was located. Although James' veracity and reliability as an informant may not have been sufficiently established to meet the rigid two-pronged test established in Aguilar and Spinelli [Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969)] we believe that under the totality of the circumstances, the police had probable cause to believe evidence of criminal activity could be found inside appellant's apartment. As the Supreme Court noted in Gates, supra, "even if we entertain some doubt as to an informant's motives, his explicit detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." Id. at ___, 103 S.Ct. at 2329-30.
We now turn to the question of whether the police were excused from obtaining a warrant before seizing appellant's apartment based on the existence of exigent circumstances. In Ferrara v. State, 319 So.2d 629 (Fla. 1st DCA 1975), this court was presented with the question of whether the police were justified in conducting a search without a warrant following the arrest of the defendant on a drug charge, where the police had information indicating that more drugs could be found inside of his apartment. The State attempted *754 to justify the warrantless search on the ground that the warrantless search was necessitated by the exigencies of time because one of Ferrara's friends or companions could have gained access to his apartment and destroyed or secreted the evidence before a warrant could be obtained. This court rejected the State's argument as groundless speculation, stating that:
There is no evidence that anyone other than Ferrara had access to Ferrara's apartment, no evidence that his companions in the car ... knew of or had the slightest inclination to destroy or secrete the cocaine, and no evidence that any justifiable fears the police may have entertained could not have been allayed by surveilling the apartment while other officers obtained a search warrant.
Id. at 630. The facts of this case are diametrically opposite to the facts in Ferrara. Here, the fears of the police that the evidence might be destroyed before a warrant could be obtained were not based on groundless speculation. Appellant's accomplice, James, advised the police that appellant and his girlfriend had a prearranged plan to destroy the evidence held in his apartment if appellant did not immediately return after completing his criminal activity. Moreover, the police could not have allayed their fears by surveilling appellant's apartment because appellant's girlfriend was already inside the apartment and could have easily flushed some of the evidence (the jewelry and gold pieces) down the toilet and destroyed the other evidence by damaging it beyond recognition. Based on these facts, we believe that the warrantless seizure of appellant's apartment was justified pursuant to the exigent circumstance exception to the warrant requirement.
AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.