441 So.2d 165 (1983)
Fabia BLUE and Theresa Blue, Appellants,
v.
The STATE of Florida, Appellee.
No. 82-2674.
District Court of Appeal of Florida, Third District.
November 15, 1983.
*166 Frank A. Rubino, Coconut Grove, for appellants.
Jim Smith, Atty. Gen. and Penny Hershoff Brill, Asst. Atty. Gen., for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The Blues were convicted of possession with intent to sell or deliver cannabis upon their pleas of nolo contendere, specifically reserving the right to appeal the denial of their motions to suppress. They contend that the sole evidence against them was seized from their premises (a wholesale plant nursery open to the public) pursuant to a warrant issued without probable cause. We agree and reverse.
The affidavit for search warrant executed by a narcotics detective asserts as probable cause for believing that marijuana was on the premises that:
"On 07-27-82, affiant was contacted by a U.S. Customs Agent (Glen Sandino) that he had been contacted by a confidential informant who had information on the premises. The confidential informant contacted affiant and stated a large quantity of marijuana was being grown and cultivated on the premises, in various locations on the premises. Confidential informant stated that a sample of the marijuana from the premises was obtained by confidential informant. The sample was then given to affiant. A field test of sample was positive indicating the sample was marijuana. The remainder of sample was impounded and sent to Metro Dade Police Dept. Laboratory for analysis. Affiant requested confidential informant obtain a second sample from the premises on 07-28-82. Confidential informant was then sent to the premises where a second sample was obtained on 07-28-82. At 6:00 p.m. on 07-28-82, confidential informant turned the second sample of marijuana from the premises over to affiant, second sample was given a field test which was positive, with remainder being sent to Metro Dade Police Dept. Laboratory for analysis. Confidential informant states several hundred marijuana plants are being cultivated on the premises and that the marijuana plants will soon be harvested and sold. *167 Confidential informant also states the marijuana plants are approximately six feet tall. All information given by confidential informant has been accurate and true. Affiant wishes to search all buildings and rooms on premises as confidential informant states plants are scattered about at different locations on premises where marijuana is being cultivated and readied for harvest."
Simply stated, the affidavit says (1) an informant told the detective that several hundred marijuana plants approximately six feet in height were being grown in the nursery and would soon be harvested; (2) the informant gave the detective a "sample" which he said came from the nursery and, at the later request of the detective, gave him another "sample" which the informant again said he obtained from the nursery; and (3) the samples proved to be marijuana.[1]
Even accepting the State's argument that the affidavit must be analyzed under the totality of circumstances test revived in Illinois v. Gates, ___ U.S. ___, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983),[2] we are compelled to conclude that the affidavit in question utterly fails that test. Although with Gates' abandonment of the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), "veracity" and "basis of knowledge" are now merely circumstances, among others, to be considered, they nonetheless must be considered.
Clearly the affidavit tells us nothing of the informant's credibility or of the reliability of his information. While it is certainly arguable that when, as the affidavit states, the "confidential informant turned the second sample of marijuana from the premises over to affiant," the police could have reasonably inferred that the informant himself observed that about which he spoke,[3]compare Rutherford v. Cupp, 508 F.2d 122 (9th Cir.1974), cert. denied, 421 U.S. 933, 95 S.Ct. 1663, 44 L.Ed.2d 92 (1975), with Terrell v. State, 429 So.2d 778 (Fla. 3d DCA 1983), there is not a single circumstance set forth in the affidavit from which the issuing magistrate could conclude that it was probable that the informant was speaking the truth. The fact that one can infer from the informant's statement that he personally observed marijuana on the premises does nothing to further the probability that marijuana was in fact on the premises in the absence of some circumstance from which we can credit the informant's story. In other words, while the informant's basis of knowledge may be used to supplement his otherwise proven veracity, *168 it is the informant's veracity, not his stated basis of knowledge, which remains the sine qua non of the probability of marijuana being on the premises.
Moreover, there is not the slightest detail of innocuous activity in the affidavit which, even if corroborated, would lead one to believe that the informant's assertions of criminal activity on the defendants' premises were true.[4] As the court recognized in Illinois v. Gates, "[o]ur decisions applying the totality of circumstances analysis ... have consistently recognized the value of corroboration of details of an informant's tip by independent police work." ___ U.S. at ___, 103 S.Ct. at 2334, 76 L.Ed.2d at 550. Yet here the only fact that was corroborated is that the substance given to the detective by the informant was marijuana, a fact which proves nothing about the reliability of the informant. See State v. Adams, 355 So.2d 194 (Fla. 1st DCA), cert. denied, 359 So.2d 1220 (1978) (affirming trial court finding of no probable cause where affidavit for warrant set forth that informant purchased marijuana in defendant's residence and brought it to police, who identified substance as marijuana; reliability of informant not established); State v. Bond, 341 So.2d 218 (Fla. 2d DCA 1976), cert. denied, 348 So.2d 953 (1977) (same). As it has been succinctly stated in a similar context, "[t]here is no logical connection between the fact that the test showed the powder was cocaine and the reliability of the informant's statement that it was taken from the defendant's apartment." People v. Carton, 51 Ill.Dec. 339, 346, 95 Ill. App.3d 937, 946, 420 N.E.2d 753, 760 (1981) (Stouder, J., dissenting). But see State v. Hayward, 18 Or. App. 128, 523 P.2d 1278 (1974); State v. Evans, 1 Or. App. 489, 463 P.2d 378 (1970).
The critical inquiry, then, is not whether the substance was probably marijuana, but whether there is a demonstrated probability that this marijuana came from the defendants' nursery as the informant alleged. Quite obviously, this inquiry could have been, but was not, answered, for example, by an undercover agent of the police going on the open-to-the-public premises to see for himself or, alternatively, by corroborating the fact that the informant, when he obtained the second sample, entered the premises empty-handed and came out with the marijuana, see, e.g., Mills v. State, 177 Ind. App. 432, 379 N.E.2d 1023 (1978); State v. Barrett, 132 Vt. 369, 320 A.2d 621 (1974), or, at the very least, by corroborating the fact that the informant entered the premises and came out with the marijuana, see, e.g., United States v. Fluker, 543 F.2d 709 (9th Cir.1976); State v. McLeod, 36 N.C. App. 469, 244 S.E.2d 716, cert. denied, 295 N.C. 555, 248 S.E.2d 733 (1978).
Nor does the fact that the informant brought marijuana to the detective prove anything about the informant's reliability. This act is not one which we consider to be against the informant's penal interest so as to allow a magistrate to find trustworthy the informant's further statement that the marijuana came from the defendants' premises. State v. Adams, 355 So.2d at 195. First, under the circumstances here, there is nothing whatsoever to indicate that the informant appreciated that the delivery of the marijuana sample to the detective at the detective's request was potentially incriminating. Second, to the extent that the informant appreciated any potential exposure to criminal liability, it is apparent that he expected to receive absolution from prosecution. Third, it is crystal clear that when the informant brought the first sample to the detective, he believed he was acting on behalf of law enforcement, thus establishing an agency relationship which, if it did not then officially exist, was immediately ratified when the detective asked him to bring a second sample. Finally, even if, arguendo, the informant's delivery of the samples of marijuana to the detective could be viewed as an act against the informant's penal interest, there is nothing about his statement that he obtained it from the defendants' premises which, independent of *169 the delivery of the samples, tended to subject him to criminal liability. See United States v. Lilley, 581 F.2d 182 (8th Cir.1978) (portions of declarant's statement implicating defendant which were not against declarant's penal interest excludable from evidence as lacking indicia of truthfulness). See generally C. McCormick, McCormick on Evidence 677 (2d ed. 1972).
Therefore, we are left with an informant of no demonstrated reliability who gives to a detective some marijuana and tells him he obtained it from the defendants' premises. While Illinois v. Gates permits an informant's veracity or the reliability of his information to be established by a totality of circumstances, it was not so established in the present case. To place our imprimatur on the warrant in the present case would be to sanction a search in every instance where a person of unknown reliability brings contraband to the police, tells them that he obtained it in a particular place, and that there is more where it came from. This is not the meaning of Illinois v. Gates. See Milete v. State, 439 So.2d 337 (Fla. 3d DCA 1983). Accordingly, the orders placing the defendants on probation are
Reversed.
NOTES
[1] The defendants correctly contend, and the State acknowledges, that the trial court erred when it considered the detective's testimony concerning facts not set forth in the affidavit in determining the validity of the search warrant. See Orr v. State, 382 So.2d 860 (Fla. 1st DCA 1980). If, however, the affidavit itself sets forth probable cause, we are bound to affirm the trial court.
[2] But see State v. Lavazzoli, 434 So.2d 321 (Fla. 1983), in which the court held that the amendment to Article I, Section 12 of the Florida Constitution, effective as of January 4, 1983, will not be retroactively applied where its application would alter a substantive right. See also Copeland v. State, 435 So.2d 842 (Fla. 2d DCA 1983) (on rehearing). If the two-pronged test for analyzing a search warrant affidavit set forth in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), has become a part of this state's substantive law under Article I, Section 12 of the Florida Constitution, the test of Illinois v. Gates would not apply, since the affidavit, search, suppression hearing, and final disposition of the present case all occurred in 1982. Because the affidavit in question does not pass muster under the test announced in Illinois v. Gates, or, a fortiori, under the Aguilar-Spinelli test, we need not decide the retroactivity issue.
[3] In contrast, the informant's basis of knowledge is not shown in respect to the first sample about which the informant said, "a sample of the marijuana from the premises was obtained by [him]." Had the statement been that "a sample was obtained from the premises by him," one could conclude that his basis of knowledge was first-hand. But the mere fact that the informant states that he has marijuana which came from the premises leaves open the question whether the marijuana was obtained by him from the premises or obtained by another person and given to him.
[4] To the very limited extent information related by the informant described the premises, such information was readily obtainable by any member of the public.