PER CURIAM.
This is an appeal by the state from an order suppressing certain evidence seized by the police pursuant to a duly executed search warrant. The search warrant was issued and executed prior to January 3, 1983, the effective date of the amendments to Article I, Section 12 of the Florida Constitution, which require that the search and seizure right secured thereby “shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.” In their motion to suppress filed below, the defendants attacked the affidavit in support of the search warrant as failing to state probable cause for the issuance of the said warrant. The trial court agreed and suppressed the evidence. We reverse.
We conclude that, based on the “totality of the circumstances,” the affidavit in question states probable cause for the issuance of the subject search warrant *4 under the Fourth Amendment to the United States Constitution. Illinois v. Gates, 462 U.S. 213,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). We reach the same conclusion with respect to Article I, Section 12 of the Florida Constitution (prior to the 1983 amendments). Although not required to follow Illinois v. Gates, supra, in interpreting Article I, Section 12 of the Florida Constitution (prior to the 1983 amendments), we choose to do so in this case because Florida courts have traditionally considered United States Supreme Court decisions interpreting the Fourth Amendment — here Illinois v. Gates, supra — “very persuasive” in interpreting the above-stated provision of the Florida Constitution. Thurman v. State, 116 Fla. 426, 435, 156 So. 484, 487-88 (1934); Leveson v. State, 138 So.2d 361, 364 (Fla. 3d DCA 1962), cert, discharged, 151 So.2d 283 (Fla.1963); Houston v. State, 113 So.2d 582, 584-85 (Fla. 1st DCA 1959). We further reject the defendant’s contention that Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spi-nelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) — overruled by Illinois v. Gates, supra — were ever part of the substantive law of Florida under Article I, Section. 12 of the Florida Constitution. Compare Blue v. State, 441 So.2d 165, 167 n. 2 (Fla. 3d DCA 1983).
The order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.