LEHAN, Judge.
Defendant appeals from the revocation of his probation and sentencing for trafficking in cocaine. He raises multiple points on appeal. We affirm as to all of those points except his point V in which he contends that he was not given an opportunity to select sentencing under the sentencing guidelines.
In this opinion we discuss one of those points on appeal as to which we affirm and point V upon the basis of which we remand for resentencing.
As to point V, defendant contends that the trial court erred in sentencing him within the guidelines without an affirmative election on his part to be sentenced under the guidelines. We agree. Neither defendant nor his attorney elected guidelines sentencing. The only reference to guidelines sentencing at the sentencing hearing was the following colloquy between the trial judge and defense counsel:
THE COURT: I note that you want to be sentenced within the guidelines. I note all your objections.
FERNANDEZ (Defense Counsel): And the pending motions.
THE COURT: Pardon?
*40 FERNANDEZ: And the pending motions.
THE COURT: First motion?
FERNANDEZ: Your Honor, I don’t have them here because I was scheduled to be in trial in Federal Court.
THE COURT: Now is the time to hear them, right now because I’m fixing to sentence right now.
Accordingly, defense counsel appeared to acquiesce to guidelines sentencing. However, we held in Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985), that defense counsel's discussion of the scoresheet with the trial court did not constitute an affirmative election of guidelines sentencing. In the case at hand, there was not even discussion between the trial judge and counsel in that regard. Weaver v. State, 475 So.2d 1365 (Fla. 2d DCA 1985), which found an election of guidelines sentencing without there having been specific words by defendant or defense counsel making such an election, is distinguishable because in that case defense counsel requested that the defendant be sentenced in the low end of the guidelines range.
The defendant asserts in a point on appeal as to which we affirm that the trial court erred in its denial of defendant’s motions to exclude and to suppress evidence obtained pursuant to a search warrant which was issued on the basis of information from a confidential informant. Defendant argues that because there was no independent corroboration of the information by the informant whose veracity was not established, there was no probable cause to issue the warrant which led to the search of the defendant’s home and to the seizure of cocaine.
The test for determining the existence of probable cause based on an informant’s tip is governed by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). There the U.S. Supreme Court revisited the previously applied two-pronged test for determining the existence of probable cause based on an informant's tip, which involved, first, the informant’s veracity and, second, the basis for his knowledge. The Court noted:
[T]hese two elements ... are better understood as relevant considerations in the totality of circumstances analysis that traditionally has guided probable cause determinations: a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.
462 U.S. at 233, 103 S.Ct. at 2329, 79 L.Ed.2d at 545. See also Leisure v. State, 437 So.2d 751 (Fla. 1st DCA 1983).
In the case here under review the “tip” was not anonymous. In fact, the informant was shown to have sworn before a circuit judge to the facts concerning defendant’s possession of cocaine. The informant described the residence to be searched and the defendant’s method of dealing in cocaine from that residence and identified the defendant as a man named Rafael. Doubtless to corroborate the information from the informant, the police ascertained that the car which was parked in the driveway of the residence belonged to the defendant who was on ten years probation for conspiracy to traffic and trafficking in cocaine.
The basis of the informant’s knowledge was his two purchases of cocaine from the defendant at the residence. The purchases were within nine days prior to the execution of the warrant. His statement that he personally purchased cocaine from a man named Rafael at the residence “entitles his tip to greater weight than might otherwise be the case.” 462 U.S. at 234, 103 S.Ct. 2330, 76 L.Ed.2d at 545.
Gates established that:
The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
426 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548. We believe from the totali *41 ty of the circumstances in this case that there were sufficient indicia of reliability to support the search warrant. Unlike Yesnes v. State, 440 So.2d 628 (Fla. 1st DCA 1983), where evidence seized pursuant to a warrant based on information from a tipster was suppressed, the tipster in the case at hand was not anonymous and the information was based upon personal knowledge.
The facts of this case do not appear to be materially dissimilar to those in State v. Englehorn, 471 So.2d 1363 (Fla. 1st DCA 1984). In that ease, a motion to suppress evidence seized pursuant to a warrant based upon information from a tipster whose identity was known was found to have been properly denied. As the First District Court of Appeal said in Englehom,
Considered as a whole, the affidavit provided a substantial basis to conclude that probable cause existed, that is, that there was a “fair probability” that the contraband would be found in the particular place described in the affidavit.
Id. at 1365.
Similarly, in Leisure v. State, supra, the First District found that evidence seized pursuant to a warrant based upon a tipster’s firsthand information as to contraband located inside the defendant’s residence should not have been suppressed. Although in Leisure, as here, the tipster’s veracity as an informant appears to have not been established, the court, pursuant to Illinois v. Gates, indicated that the veracity prong of the two-pronged test previously applied under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), was not absolutely necessary.
As the Supreme Court noted in Gates, supra, “even if we entertain some doubt as to an informant’s motives, his explicit detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case.” [Citation omitted.]
437 So.2d at 753.
Blue v. State, 441 So.2d 165 (Fla. 3d DCA 1983) can be argued to be authority supporting a contrary result here. But we are not persuaded to apply Blue. First, the facts of that case were not the same as here, for example, there was in Blue no firsthand knowledge sworn to before the magistrate. Second, in light of Gates we are not inclined to characterize, as did the court in Blue, an informant’s veracity, separate and apart from the basis of his knowledge, as necessarily the “sine qua non,” (441 So.2d at 168), of a proper search warrant in a case like this.
The traditional deference accorded to the magistrate who issues the warrant, see Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637, 645 (1969), continues under Illinois v. Gates, 462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 547 (1983). We recognize that the reliability of the information on the basis of which the warrant was issued in this case was not totally beyond dispute. However, in our affirmance we have in mind the point that hypertechnical scrutiny on appeal of affidavits submitted by police officers to support warrants might induce the police to “resort to warrantless searches, with the hope of relying on consent or some other exception ... that might develop at the time of the search.” Id.
[A]fter-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review. A magistrate’s “determination of probable cause should be paid great deference by reviewing courts.” ... “A grudging or negative attitude by reviewing courts toward warants” ... is inconsistent with the Fourth Amendment’s strong preference for searches conducted pursuant to a warrant....
462 U.S. at 236, 103 S.Ct. at 2331, 76 L.Ed.2d at 547.
We therefore affirm the revocation of probation, vacate the sentence imposed by the trial court, and remand for resentenc-ing at which defendant should be provided with an opportunity to select sentencing under the guidelines.
*42 SCHEB, A.C.J., concurs.
HALL, J., concurs in result only.