482 So.2d 560 (1986)
James HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2613.
District Court of Appeal of Florida, Second District.
February 5, 1986.
J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant was charged with burglary and grand theft. Appellant pled guilty to both charges and was placed on concurrent terms of five years probation. Subsequently, appellant was charged with violating a condition of his probation. He pled not guilty to the violation of probation charge.
At the probation violation hearing, the trial court determined appellant guilty of violating his probation and entered an order revoking probation. Appellant was sentenced to five years imprisonment on each count to run consecutively.
Appellant raises several issues on appeal. We find it necessary to discuss only two of those issues.
First, appellant questions the technical correctness of the order revoking probation. An examination of the record reveals that appellant pled not guilty to the violation of probation, but was found guilty as a result of the hearing. The order revoking probation, however, indicates appellant pled guilty to the violation. Accordingly, we find it necessary to remand to the trial court with instructions to correct the *561 revocation order to reflect appellant was found guilty, but did not plead guilty. See Underwood v. State, 455 So.2d 1133 (Fla. 2d DCA 1984).
Second, appellant alleges the trial court erred in sentencing him under the guidelines absent an affirmative election. We have had numerous cases whereby the record clearly reflects the trial judge has been led to believe there has been an affirmative election, but the record does not specifically reflect the election itself. The defendant in those situations takes advantage, on appeal, of the misconception of the trial judge. While we are sympathetic with the plight of the trial judge in those instances, if the election is not clearly made, we are required to reverse. Rafael Delos Rios v. State, 483 So.2d 39 (Fla. 2d DCA 1986); Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985). While the implications that an affirmative election had been made are somewhat stronger in this case than in Rafael Delos Rios, we are unable, in good conscience, to distinguish them.
Accordingly, on remand, the sentences should be corrected to reflect that they are nonguideline sentences. Resentencing is not necessary since the trial court imposed the maximum sentences permissible under general law. Hart v. State, 464 So.2d 592 (Fla. 2d DCA 1985).
SCHOONOVER and LEHAN, JJ., concur.