RYDER, Judge.
Appellant raises four points on appeal. We find merit in two.
Appellant was improperly sentenced under the sentencing guidelines. Appellant committed his present offense in April of 1983. The sentencing guidelines became effective in October of 1983. Appellant must be sentenced in accordance with the law existing at the time he committed the offense, unless he affirmatively elects to be sentenced under the sentencing guidelines. The record failed to show that appellant elected to be sentenced under the sentencing guidelines. Hall v. State, 482 So.2d 560 (Fla. 2d DCA 1986).
Appellant was improperly sentenced as an habitual offender. At the sentencing hearing, the state introduced several convictions in an effort to show appellant is an habitual offender. Appellant challenged each of these convictions, alleging either an uncounseled plea or a defective conviction. Harrell v. State, 469 So.2d 169 (Fla. 1st DCA 1985). The state failed to rebut appellant’s allegations.
On remand, if appellant elects to be sentenced under the sentencing guidelines, the trial court may no longer use the habitual offender statute to enhance appellant’s sentence as, just recently, the Florida Supreme Court has held that the habitual offender statute is not a legitimate reason to depart from the sentencing guidelines recommended sentence. Whitehead v. State, 498 So.2d 863 (Fla.1986). At the time of sentencing, the trial judge did not have the benefit of that decision. If appellant elects to be sentenced under the law existing at the time he committed the offense, the trial court may use the habitual offender statute in sentencing the appellant if appellant’s record meets section 775.084, Florida Statutes (1985), criteria.
Affirmed in part; reversed in part and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J. and SCHOONOVER, J., concur.