THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LARNEY, Appellant.—Judgment, Supreme Court, New York County (George Bundy Smith, J.), rendered January 4, 1984, which, after a jury trial, convicted defendant of murder in the second degree and sentenced him to an indeterminate term of imprisonment of from 25 years to life, unanimously affirmed.

On October 5, 1982, at about 4:00 A.M., defendant and Chetwynd Shanholtzer broke into the Bowl More bowling alley, where they regularly bowled. During the burglary, they encountered 71-year-old Anthony Sorrentino, the bowling alley manager, in the bathroom and killed him by stabbing him repeatedly and crushing his skull with a bowling ball. The police found defendant's fingerprints inside a cash register. Codefendant Shanholtzer later spoke to the police and made oral, written and videotaped confessions. Both defendant and Shanholtzer were charged with felony murder in the second degree and were tried jointly before a jury. Both were convicted of felony murder.

Defendant contends that this case was based only on circumstantial evidence which did not establish, beyond a reasonable doubt, his guilt of burglary and murder. Viewing the evidence in the light most favorable to the prosecution, as we must *(see, People v Kennedy,* 47 NY2d 196, 203), we find that defendant's guilt was proved beyond a reasonable doubt. While defendant does not dispute the fact that the evidence proves that Sorrentino was killed during the course of a

burglary, he argues that his identity as one of the perpetrators was not sufficiently established. The circumstantial evidence, however, includes defendant's fresh fingerprints found inside the rifled cash register, a bloody hair found under the victim's fingernail which, according to the expert's testimony, was analyzed as being consistent with defendant's hair, defendant's familiarity with the bowling alley and the fact that he fit the description of one of the men who was seen trying to break into the burglarized building that night. When all of the evidence is considered, the "logically compelling" conclusion is that defendant was a participant in the burglary during the course of which Mr. Sorrentino was murdered. *(See, e.g., People v Cleague,* 22 NY2d 363, 367; *see also, People v Kennedy, supra,* at 202-203.)

Defendant asserts that even if the evidence was sufficient to prove his involvement in the burglary, the jury should have acquitted him because the evidence made out the affirmative defense to felony murder. Defendant, however, never requested that the affirmative defense be submitted to the jury, thus, he has failed to preserve this issue for appellate review as a matter of law. (CPL 470.05 [2]; *see, People v Bynum,* 70 NY2d 858.) Were we to consider the issue in the interest of justice, however, we would reject the claim as meritless. Indeed, defendant never attempted to establish any of the elements of the affirmative defense at trial. *(See, e.g., People v Watts,* 57 NY2d 299, 301.) Defendant had the burden to demonstrate the elements of the affirmative defense. It was not the People's burden to disprove them when none have been affirmatively demonstrated.

Defendant claims that he should have been granted a severance on the ground that Shanholtzer's statements implicated him and, thus, he was denied his right of confrontation. *(See, Bruton v United States,* 391 US 123.) However, the record demonstrates that any confrontation concerns in this case were satisfactorily alleviated by the court's instructions to the jury and by the redaction of Shanholtzer's extrajudicial statements so as to eliminate any incriminatory references to defendant, either by name or by implication. *(See, e.g., People v Safian,* 46 NY2d 181, 187, *cert denied sub nom. Miner v New York,* 443 US 912.) Moreover, even if Shanholtzer's redacted statements were erroneously admitted in evidence, any error was harmless in light of the overwhelming evidence against defendant independent of the statements. *(See, Schneble v*

*Florida,* 405 US 427, 432; *see also, People v Hendrix,* 44 NY2d 658, 659.)

We have considered defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.